IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NORMA BUIANO § | |
| Plaintiff, § | |
| § | Civil Action No. 5:19-cv-655 |
| v. § | |
| § | |
| REGION 20 EDUCATION SERVICE CENTER § | JURY TRIAL DEMAND |
| Defendant § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action under the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, Hispanic, and age and to provide appropriate relief for Norma Buiano ("Buiano" or "Plaintiff") who was adversely affected by such practices. Norma Buiano was subjected to unlawful discrimination when she was terminated from her job with the Defendant Region 20 Education Service Center ("Region 20" or "Defendant").

This complaint alleges Region 20 terminated Ms. Buiano, a member of the protected age group, and protected class based on her national origin, Hispanic, when it treated persons outside her protected class in similar situations more favorably than her.

## **JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the ADEA), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217, and Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3.      Plaintiff Norma Buiano is resident of San Antonio, Bexar County, Texas.

4.      At all relevant times, Defendant Region 20 Education Service Center (Region 20) has continuously been a corporation doing business in the State of Texas and the City of San Antonio and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Region 20 has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h); and Section 630(b) of the ADEA, 29 U.S.C. § 626(b).

.      Defendant Region 20 may be served with service of process by serving its Executive Director, Dr. Jeff Goldhorn, Region 20 Education Service Center, 1314 Hines, San Antonio, Texas, 78208.

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Norma Buiano filed a charge with the Commission alleging violations of the ADEA and Title VII by Defendant Region 20. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      On or about December 6, 2016, Defendant Region 20 engaged in unlawful employment practices at its San Antonio, Texas location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) in violation of Section 623(a)(1) of the ADEA, 29 U.S.C. §623(a). The unlawful practices complained of were the failure to terminate Norma Buiano from her

position as Quality Assurance Analyst based on her national origin, Hispanic, and her age, 60. Specifically, Norma Buiano complains that she was laid off when Defendant Region 20 did not terminate the employment of other non-Hispanic employees who were outside the protected age group (PAG).

Defendant states that its reasons for terminating Plaintiff were business-related, and that other employees who were Hispanic and others who were in the PAG were also laid off. In contrast, Plaintiff states that two (2) non-Hispanic employees from the same department as she were not laid off, and instead were offered other jobs with the company, including Plaintiff position as a Quality Assurance Analyst.

The reasons given by Defendant Region 20 for Plaintiff's termination are pretext for discriminatory motives in violation of the ADEA and Title VII.

8. The effect of the practices complained of in paragraph seven above has been to deprive Norma Buiano, a member of the protected age group, of equal employment opportunities and to otherwise adversely affect her status as an employee because of her age, 60, and national origin, Hispanic.

9. The unlawful employment practices complained of in paragraph seven were and are intentional.

10. The unlawful employment practices complained of in paragraph seven above were willful within the meaning of Section 626(b) of the ADEA, 29 U.S.C. §626(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Norma Buiano respectfully requests that this Court:

A. Order Defendant Region 20 to make whole Norma Buiano, a member of the

protected age group who was adversely affected by the unlawful practices described above, by providing appropriate back pay, and equal sums as liquidated damages.

   B. Order Defendant Region 20 to make whole Norma Buiano, a member of the protected age group who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement or front pay in lieu thereof;

   C. Order the Defendant, Region 20, to make whole Norma Buiano, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

   D. Order the Defendant Region 20 to pay Norma Buiano punitive damages for its malicious and reckless conduct described in paragraph seven, eight and nine above, in amounts to be determined at trial;

   E. Grant such further relief as the Court deems necessary and proper;

   F. Award the Plaintiff attorneys' fees and costs of this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully Submitted,

PITTARD LAW FIRM
1777 NE Loop 410, Suite 600
San Antonio, Texas 78217
Telephone: (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@pittardlegal.com

By:    <u>/s/ R. Chris Pittard</u>
       R. CHRIS PITTARD
       State Bar No. 00794465

       ATTORNEYS FOR PLAINTIFF